NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOHN JAMES ROBINSON, *Appellant*.

No. 1 CA-CR 20-0059
FILED 6-8-2021

Appeal from the Superior Court in Maricopa County
No. CR2018-133652-001
The Honorable Suzanne Cohen, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Cynthia J. Bailey joined.

**C A T T A N I**, Judge:

¶1 John James Robinson appeals his convictions and sentences for discharge of a firearm at a residential structure and two counts of endangerment. Robinson's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Robinson was given the opportunity to file a supplemental brief but did not do so. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, and with the parties' agreement, we correct the term of imprisonment imposed for each endangerment conviction (Count 4 and Count 5) to 3.75 years. *See* A.R.S. § 13-703(J); *see also* A.R.S. § 13-4037(A). In all other respects, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Around midnight one evening in July 2018, Robinson was arguing loudly with someone in his apartment. J.F., who was staying nearby in apartment 49, went over and into Robinson's apartment, then abruptly ran back to apartment 49. Robinson followed, gun in hand. He fired three shots through the door of apartment 49, then left. One bullet lodged in the living room wall; two bullets traveled into the bedroom of apartment 49 where G.B. was sleeping and J.F. and J.A. were hiding.

¶3 Robinson was arrested a short time later, and the State charged him with (1) discharging a firearm at a residential structure, (2) aggravated assault as to J.F., (3) misconduct involving weapons (prohibited possessor), (4) endangerment with a substantial risk of imminent death as to J.A., and (5) endangerment with a substantial risk of imminent death as to G.B. The misconduct involving weapons count was severed for trial and later dismissed at the State's request. At trial, the court granted Robinson a judgment of acquittal on the aggravated assault count after J.F. testified that he could not recall the incident with Robinson. The jury found

Robinson guilty of the other offenses and further found that the discharging a firearm count was a dangerous offense.

¶4        The superior court later found that Robinson had five prior felony convictions, including two for dangerous offenses.  As to discharging a firearm at a residential structure, the court sentenced Robinson as a violent or aggravated offender to a mandatory term of life imprisonment without the possibility of release for at least 35 years.  *See* A.R.S. § 13-706(B), (F)(2)(g).  The court imposed concurrent 4.5-year terms of imprisonment on the endangerment counts, with 560 days of presentence incarceration credit applied to all three sentences.  Robinson timely appealed.

## DISCUSSION

¶5        We have read and considered counsel's brief and have reviewed the record for reversible error.  *See Leon*, 104 Ariz. at 300.  Robinson was present and represented by counsel at all stages of the proceedings against him.  The record reflects that the superior court afforded Robinson all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdicts.  *See* A.R.S. §§ 13-1211(A), -1201.  As to Robinson's conviction of discharge of a firearm at a residential structure, the court imposed the sentence required by law, *see* A.R.S. § 13-706(B), with full credit for presentence incarceration.

¶6        As to each of the endangerment convictions, however, the 4.5-year term of imprisonment imposed exceeds the proper sentence.  Each of these convictions was for a non-dangerous, repetitive (five prior convictions) class 6 felony offense, and the court determined a presumptive term of imprisonment was appropriate for each.  The presumptive term for a non-dangerous, category 3 repetitive, class 6 felony is 3.75 years.  *See* A.R.S. § 13-703(C), (J).  We sought the parties' positions on correcting these sentences, and the State conceded error.  Accordingly, and with the consent of the parties, we correct Robinson's sentence for each of the endangerment convictions to reflect a 3.75-year term of imprisonment.  *See* A.R.S. § 13-4037(A).  In all other respects we affirm.

## CONCLUSION

¶7        Robinson's convictions and sentences are affirmed as modified.  After the filing of this decision, defense counsel's obligations

pertaining to Robinson's representation in this appeal will end after informing Robinson of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Robinson has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA